## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

```
DAMON SAULBERRY,                 :
a/k/a Damon Saulsberry,          :
a/k/a Damin Saulsberry,          :
                                 :    Civil Action No. 10-1004 (JBS)
              Plaintiff,         :
                                 :
        v.                       :    ORDER
                                 :
ATLANTIC COUNTY JAIL, et al.,    :
                                 :
              Defendants.        :
```

For the reasons expressed in the Opinion filed herewith,

IT IS on this **24th** day of **September**, 2010,

ORDERED that Plaintiff's application to proceed in forma pauperis is hereby granted pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is further

ORDERED that the Clerk of the Court shall amend the docket to reflect the additional defendants named in the text of the Complaint, specifically: Atlantic City Chief of Police Mooney, Officer Rando, Officer Calabrese, Officer Lane, Officer Pali, Officer Jane Doe, Officer John Doe of Atlantic City Police Department, Sgt. Jake Doe, Officer M. Pincus, Warden Sean Thomas, Captain Cohen, Lt. Steve Illiucci, Sgt. Kelcie, Sgt. Iris,

Officer Bohm, and Officer John Doe of Atlantic County Jail; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the warden of Atlantic County Jail; and it is further

ORDERED that all claims against Atlantic County Jail, Warden Sean Thomas, Captain Cohen, Lt. Steve Illiucci, Sgt. Kelcie, Sgt. Iris, Officer Bohm, and Officer John Doe of Atlantic County Jail are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that all claims against Atlantic City Police Department, Chief Mooney, and Officer Jane Doe of the Atlantic City Police Department are DISMISSED WITH PREJUDICE; and it is further

ORDERED that all claims for malicious prosecution and/or false arrest are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that all claims against Officer M. Pincus are DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiff's claims for excessive force in arrest may proceed as against Defendants Officer Rando, Officer Calabrese, Officer Lane, Officer Pali, Officer John Doe of the Atlantic City Police Department, and Sgt. Jake Doe; and it is further

ORDERED that Plaintiff may file an Amended Complaint addressing the deficiencies of his Complaint any time within 45 days from the date this Order is entered; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint, this Order, and the Opinion accompanying this Order upon Defendants Officer Rando, Officer Calabrese, Officer Lane, Officer Pali, and, upon submission of sufficient identifying information, upon defendants John Doe, Jane Doe, and Sgt. Jake Doe of the Atlantic City Police Department, with all costs of service advanced by the United States; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendants who are served shall file and serve a responsive pleading within the time specified by Fed.R.Civ.P. 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel.

3

Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney and the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's institutional account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from his institutional account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's institutional account,

with each payment referencing the civil docket number of this action.


**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge